**Dorothy B. QUANDER, Petitioner,**

v.

**The REAL ESTATE COMMISSION of the District of Columbia, Respondent.**

No. 2892.

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 26, 1962.

Decided March 28, 1962.

Herman Miller, Washington, D. C., for petitioner.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel,

Hubert B. Pair, and H. Thomas Sisk, Asst. Corp. Counsel, for respondent.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This case comes before the court upon a petition for review of a decision of the Real Estate Commission of the District of Columbia [1] suspending the license of petitioner for a period of thirty days.

Pursuant to the procedures outlined in Code Section 45–1409, petitioner was ordered by the Commission to appear for public hearing and charged with violating Code Section 45–1408(a), (d), (h), and (j), in that she (1) made a substantial misrepresentation [45–1408(a)]; (2) acted for more than one party in a transaction without the knowledge of all parties for whom she acted [45–1408(d)]; (3) demonstrated such unworthiness to act as a real estate broker as to endanger the interests of the public [45–1408(h)]; and (4) engaged in conduct which constituted fraudulent and dishonest dealing [45–1408(j)].

Following the hearing, at which petitioner was represented by counsel, the Commission found her guilty of violating Section 45–1408(a) and (h) and not guilty of violating Section 45–1408(d) and (j). Petitioner's license was thereupon suspended for a period of thirty days, effective July 1, 1961.

On appeal petitioner contends that the findings and conclusions of the Commission were unsupported by substantial evidence. The record, however, convinces us otherwise. We think no good purpose would be served by discussing in detail the evidence adduced before the Commission upon which it based its findings. Crediting

the testimony adverse to petitioner as we must in reviewing the case, there was ample evidence demonstrating a violation of the statute under either of the specifications on which petitioner was found guilty.

Affirmed.

